IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARRISON J. BRYANT, #353-767,  :

    Petitioner  :

v  :  Civil Action No. CCB-19-1862

WARDEN WALTER WEST, and  :
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND,  :

    Respondents

## MEMORANDUM OPINION

In answer to the above-entitled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, respondents assert the petition should be dismissed as time-barred. ECF 4. This court advised petitioner of the relevant law pertaining to the time limitations for a federal habeas petition, as well as the bases for excusing non-compliance with the time limitation, and provided petitioner an opportunity to explain the reason for his delay in filing or to assert entitlement to equitable tolling (ECF 5), but petitioner chose not to respond. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee,* 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For reasons that follow, the petition shall be dismissed and a certificate of appealability shall not issue.

### Background

Petitioner was charged in 2008 with multiple counts in three cases in the Circuit Court for Montgomery County: Case Nos. 109921C, 109945C, and 110905C.[1] On October 30, 2008, he pleaded guilty to one count of robbery in Case No. 109921C and two counts of armed carjacking in Case No.

---

[1] *See State v. Bryant,*
http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis) (last viewed October 10, 2019).

109945C. Petitioner was sentenced to 70 years of incarceration. (ECF 4-1, Docket Entry 94; ECF 4-2. Docket Entry 66. All remaining charges were nolle prossed. Petitioner did not file an application for leave to appeal. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e) (requiring appellate review of judgment entered following guilty plea to be sought by application for leave to appeal).

On August 2, 2017, more than eight years after his plea, petitioner sought post-conviction relief in each case in the Circuit Court. (ECF 4-1, Docket Entry 110; ECF 4-2, Docket Entry 74). Following a hearing, the court issued a Memorandum and Order on March 22, 2018, denying post-conviction relief in each case. (ECF 4-1, Docket Entry 100; ECF 4-2, Docket Entry 84). Petitioner's applications for leave to appeal were summarily denied by the Court of Special Appeals of Maryland on August 28, 2018. (ECF 4-1, Docket Entry 111; ECF 4-2, Docket Entry 85; ECF 4-3, pp. 1-4). Petitioner's consolidated petition for writ of certiorari in the Court of Appeals of Maryland was denied on November 16, 2018. *See Bryant v. State,* 461 Md. 617 (2018) (table), ECF 4-3, pp. 5-6.

On June 18, 2019, petitioner signed the petition for writ of habeas corpus now before this court, asserting three grounds for habeas relief: (1) trial counsel rendered ineffective assistance by advising him that under the plea agreement his sentences would be concurrent (ECF 1, p. 6; ECF 1-1, p. 1); (2) trial counsel rendered ineffective assistance by failing to file an application for leave to appeal which petitioner requested (ECF 1, p. 6; ECF 1-1, p. 2); and (3) the guilty plea was not knowing and voluntary. (ECF 1, p. 6; ECF 1-1, p. 3).

Petitioner explains the delay in filing his claims occurred "because I was unaware of this process until after being told by my post-conviction attorney." (ECF 1, p. 5). Respondents argue that petitioner has provided no statutory basis to excuse this delay; that his lack of knowledge is not a valid basis for equitable tolling of the limitations period; and that the grounds asserted do not provide a "gateway through which a petitioner may [by]pass...expiration of the statute of limitations," pursuant to *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). (ECF 4, pp. 9, 10-11).

## Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C.§ 2244(d). This section provides:

>    (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitation period "is also subject to equitable tolling in 'those rare instances where--due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2002), quoting *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Harris,* 209 F.3d at 330 (quoting *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)). "The doctrine has been applied in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris,* 209 F.3d at 330 (internal citations omitted).

**Analysis**

Petitioner provides no statutory argument explaining his delay in seeking habeas corpus relief. The grounds raised in state post-conviction proceedings and reiterated here were available to petitioner at the time of sentencing or shortly thereafter, when the time to file an application for leave to appeal his guilty plea expired. Ignorance of the law does not provide a basis for equitable tolling, *see United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004), and the record does not suggest another reason warranting equitable tolling. The petition must therefore be dismissed as untimely.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner has not demonstrated that a certificate of appealability is warranted, but he may still request the United States Court of Appeals for the Fourth Circuit to issue such a certificate. *See Lyons v. Lee,* 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

 10/21/19   
Date

/S/  
Catherine C. Blake  
United States District Judge